UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANOUCHEHR RIAZATI,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PUBLIC STORAGE, INC., et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:17-cv-2064-BEN-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED** ***IN FORMA PAUPERIS***<br><br>**(2) DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

On October 6, 2017, Plaintiff Manouchehr Riazati filed a civil complaint and an application to proceed *in forma pauperis* ("IFP"). (Docket Nos. 1-2.) For the following reasons, the Court **GRANTS** Plaintiff's IFP application and **DISMISSES** the Complaint for lack of subject matter jurisdiction.

**I.　Application to Proceed IFP**

All parties instituting any civil action in a district court must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).

///

///

1

Under 28 U.S.C. § 1915(a)(1),

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

Plaintiff is not employed and receives approximately $330.00 per month from public assistance. (Docket No. 2 at ¶ 1.) Plaintiff pays for utilities, food, and transportation amounting to approximately $98.00 per month. (Docket No. 2 at ¶ 8.) The Court finds the IFP application sufficiently indicates Plaintiff cannot afford to pay the filing fee. The IFP application is therefore **GRANTED**.

**II.    Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action[.]" *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court"). It is the plaintiff's burden to establish jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

The Court does not have subject matter jurisdiction over this action. 28 U.S.C. § 1332(a) provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

2

3:17-cv-2064-BEN-JLB

value of $75,000, exclusive of interest and costs, and is between--
    (1) citizens of different States;

    (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

    (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

    (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

The Complaint alleges that Plaintiff is both a citizen of Iran and a resident of California. (Docket No. 1 at p. 3.) Each Defendant is alleged to be a citizen of California. (*Id.* at pp. 3-4.)[1] Thus, diversity jurisdiction does not exist under 28 U.S.C. § 1332(a)(1) because this action is not between "citizens of different States." Similarly, diversity is lacking under 28 U.S.C. § 1332(a)(3) because this action is not between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." Diversity also does not exist under 28 U.S.C. § 1332(a)(4) because Plaintiff is an individual and not a foreign state.

Finally, Plaintiff has not established diversity jurisdiction under 28 U.S.C. § 1332(a)(2) because although the Complaint alleges Plaintiff is a citizen of Iran, it further alleges Plaintiff is a resident of California. According to the Complaint, the defendants allegedly sold Plaintiff's "immigration documents." (Docket No. 1-1 at pp. 4-5.) Thus, it is unclear whether Plaintiff has been lawfully admitted for permanent residence in the United States. In effect, the Court is unable to determine whether diversity jurisdiction

---

[1] All page number references to Plaintiff's Complaint in this Order refer to the page numbers generated by the CM/ECF system.

exists under 28 U.S.C. § 1332(a)(2) because diversity jurisdiction does not exist between "citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2).

Moreover, even if diversity of citizenship was not at issue, the Court is not persuaded that Plaintiff's Complaint satisfies the amount in controversy requirement. In addition to filing a separate statement of claims, Plaintiff filed a form complaint, which asked Plaintiff to explain how the amount in controversy exceeds "$75,000, not counting interest and costs of court," to which Plaintiff responded "yes." (Docket No. 1 at p. 4.) The Complaint further includes allegations that Defendants are partially responsible for Plaintiff's medical bills related to a heart attack in excess of $200,000, but did not include facts to indicate why Defendants were liable for the medical bills. (Docket No. 1-1 at pp. 2-3.) The remainder of the Complaint alleges various damages such as the sale of Plaintiff's personal property, but does not include facts from which the Court may draw a plausible inference that the total amount of damages exceeds $75,000.

In short, the Court finds the facts in the Complaint insufficient to satisfy Plaintiff's burden to demonstrate that it has subject matter jurisdiction over his claims. *Hertz Corp.*, 559 U.S. at 96. As a result, the Court is required to dismiss his complaint for lack of subject matter jurisdiction.

## CONCLUSION

Plaintiff's Motion to Proceed IFP is **GRANTED**. The Complaint is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: October 13, 2017

Hon. Roger T. Benitez
United States District Judge